IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ABDUL ALANI,

    Plaintiff,

v.

ALASKA AIRLINES, INC.,

    Defendant.

No. C 10-02766 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant moves to dismiss its counterclaims and its eighteenth affirmative defense of after-acquired evidence, and plaintiff moves for judgment on the pleadings. Plaintiff argues that in counterclaiming without repeating all of its denials and defenses in its answer, defendant has admitted the allegations in the complaint and thus judgment should be entered for plaintiff.

Plaintiff filed his complaint in San Francisco Superior Court on April 13, 2010, alleging employment discrimination based on national origin and retaliation. On June 23 defendant filed its answer in state court, and on June 24 defendant removed the action to federal court based on diversity jurisdiction. On July 14 defendant filed a counterclaim for conversion, fraud and intentional misrepresentation, and unjust enrichment. Defendant alleged that plaintiff worked as a mechanic for both Alaska Airlines and American Airlines, and that he stole company time by claiming to have worked for Alaska Airlines during time when he was actually working for American Airlines.

The parties are now in the midst of discovery, and defendant has decided to drop its counterclaim (and its eighteenth affirmative defense of after-acquired evidence). Yet, rather than

stipulating to dismissal, plaintiff has decided to oppose defendant's motion to dismiss and move for judgment on the pleadings. Plaintiff argues that defendant's counterclaim superceded its answer as its operative pleading, and because the counterclaim does not reproduce defendant's denials and affirmative defenses, they are waived and defendant has admitted the allegations in the complaint.

*First*, as to defendant's motion to dismiss its counterclaim and eighteenth affirmative defense, plaintiff's "opposition" does not oppose the dismissal defendant seeks. Rather, plaintiff takes the opportunity to argue about the *effect* of the dismissal, which is the subject of his motion for judgment on the pleadings. As plaintiff does not present any arguments that weigh against the *dismissal*, defendant's motion is **GRANTED**.

*Second*, as to plaintiff's motion for judgment on the pleadings, contrary to plaintiff's contention, our circuit's law does not command the draconian result that plaintiff seeks. Rather, the appropriate approach is to view defendant's answer as its responsive pleading — and dismissal of the counterclaim does nothing to alter this state of the pleadings. None of the authority cited by plaintiff counsels otherwise. Although "the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation," *Reiter v. Cooper*, 507 U.S. 258, 263 (1993) (quoting FRCP 8(c)), that does not mean the Court should altogether recharacterize the content of the submission at issue. Moreover, plaintiff cites decisions for the principle that where later pleadings supercede earlier pleadings, the earlier pleadings are treated as non-existent. That merely begs the question of whether the counterclaim here was a superceding pleading.

Our court of appeals has specifically held that "the assertion of claims in a counterclaim . . . . will not waive a defense that has been asserted previously or contemporaneously in an answer." *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010). Plaintiff argues that in *Hillis* the counterclaim was filed contemporaneously with the answer containing the defense at issue, whereas here the answer was filed 21 days prior to the counterclaim. Yet, *Hillis* did not include such a caveat to its holding, and the language just quoted indicates that the timing of a

counterclaim relative to an answer does not affect the issue of whether the former waives a defense in the latter — the holding was simply: it does not.

*Hillis* thus compels the otherwise commonsense conclusion that defendant did not waive all of its denials and defenses in its answer by not reproducing them in its counterclaim. For the foregoing reasons, defendant's motion to dismiss its counterclaims and its eighteenth affirmative defense is **GRANTED**, and defendant's counterclaim is dismissed with prejudice and the eighteenth affirmative defense is stricken from defendant's answer. Plaintiff's motion for judgment on the pleadings is **DENIED**, and none of defendant's denials or defenses in its answer were waived by the now-dismissed counterclaim. The motions hearing noticed for May 19 is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE