IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL ALANI, | No. C 10-02766 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO FILE UNDER SEAL** |
| ALASKA AIRLINES INC., CORPORATE DOES 1–20, and INDIVIDUAL DOES 21–40, inclusive, | |
| Defendants. | |

Pursuant to Civil Local Rule 79-5(d), plaintiff has filed a motion for leave to file under seal specified documents and/or portions of documents designated by defendants as confidential. Rule 79-5(d) requires that within seven days, "the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. . . . If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Defendants, the designating party, have filed a responsive declaration (Dkt. No. 133).

Plaintiff seeks leave to file the specified documents under seal in support of his opposition to defendants' motion for summary judgment. The parties have filed a stipulation that the specified documents be filed under seal for purposes of defendants' motion for summary judgment and plaintiff's opposition thereto. Under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006), the court held that a "strong presumption of access to

judicial records applies fully to dispositive pleadings" and "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." The burden of meeting the "compelling reasons" standard falls squarely on the shoulders of the party "seeking to seal a judicial record." *Id.* at 1179. Compelling reasons must be shown regardless of any stipulation by the parties.

No compelling reason is shown. Defendants state in their declaration that pursuant to the Federal Aviation Administration's Advisory Circular, records submitted to the FAA for review pursuant to the voluntary disclosure reporting program, are protected from release to the public and should therefore be sealed (Reiss Decl. ¶ 4). Because the specified documents are such records the parties have agreed that they may be filed under seal. No showing of "compelling reasons," a substantially higher standard than "good cause," is made.

Based on the foregoing reasons, the motion to seal is **DENIED**. This denial is without prejudice to the filing of a renewed motion to seal that squarely addresses the "compelling reasons standard set forth in *Kamakana*. Such a motion must be filed by **FRIDAY, DECEMBER 2, 2011.**

**IT IS SO ORDERED.**

Dated: December 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2