IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL ALANI,<br><br>    Plaintiff,<br><br>  v.<br><br>ALASKA AIRLINES INC., CORPORATE DOES 1–20, and INDIVIDUAL DOES 21–40, inclusive,<br><br>    Defendants.<br>_____ / | No. C 10-02766 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rule 79-5(d), defendant Alaska Airlines has filed a motion for leave to file under seal specified documents and/or portions of documents designated as confidential by defendant. Rule 79-5(d) applies to documents designated as confidential by another party. Here, defendant seeks an order sealing a document it designated as confidential. Thus, Rule 79-5(a)–(c), (e) govern.

Defendant seeks leave to file the specified documents under seal in support of its reply to the motion for summary judgment. The parties have agreed that the specified documents be filed under seal for purposes of defendant's reply to the motion for summary judgment. Under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006), the court held that a "strong presumption of access to judicial records applies fully to dispositive pleadings" and "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." The burden of meeting the "compelling reasons" standard falls squarely on

the shoulders of the party "seeking to seal a judicial record." *Id.* at 1179. Compelling reasons must be shown regardless of any stipulation by the parties.

No compelling reason is shown. Defendant states in its motion for leave to file documents under seal that pursuant to the Federal Aviation Administration's Advisory Circular, records submitted to the FAA for review pursuant to the voluntary disclosure reporting program are protected from release to the public and should therefore be sealed (Br. 3). Because the specified documents are such records the parties have agreed that they may be filed under seal. No showing of "compelling reasons," a substantially higher standard than "good cause," is made.

Based on the foregoing reasons, the motion to seal is **DENIED**. This denial is without prejudice to the filing of a renewed motion to seal that squarely addresses the "compelling reasons" standard set forth in *Kamakana*. Such a motion must be filed by **TUESDAY, DECEMBER 6, 2011.**

**IT IS SO ORDERED.**

Dated: December 5, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE